THE State OF Texas          Case# F-98-0563-C

William J. HiBler

V.                          Appeal# 02-14-00016 C.R.

**423·15**

Court OF Criminal Appeals    Petition Discretionary Review

P.O. Box 12308

Austin, Tx. 78711

ORIGINAL

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 13 2015

Abel Acosta, Clerk

(1)

## Petition Discretionary Review

(1) Comes Now William J. Hibler, and submit this Petition Discretionary Review In Regards to Point(1-3) For a Sooner Ruling By the 211th District Court, Denton County Texas.

## Index

Cover Page      I

Petition Discretionary Review    II

Point of Error's 1-3    I

Point of Error's    II

Summary Arguments    III

Case Law

Order    IV

Notary    V

   VI

## Contents (Pages)

Cover Page

P.D.R.    1)

Point of Error's 1-3    2)

Point of Error's    1)

Summary Arguments    2)

Case Law    3)

Order    4)

Notary    5)

   6)

(2)

1) Comes Now William J. Hibler, and state the violation about the appellee statements of fact from the Record that has merit for Relief. The Conclusion from the New Evidence Discovery had a mixture of Natasha Schwier, William J. Hibler, and another Contributor.

2) The victim last whereabouts at Tino Augustine Hernandez apt. THE phone Conversation before I picked her up, that her and Tino where breaking up. In Tino bedroom for an Hour Purchasing Liquor In The Colony Tx. Tino living within her Parents Home without there Consent, before He got the apt. she went too, before she finally went Home. Point 1-2 has merit that the victim did Hold herself out to be over 18 yrs old atleast. The things that Happened the day of the Incident. (see Exhibit 5)

3.) INEFFECTIVE ASSITANCE OF COUNSEL; deprived ME OF MY LIBERTY, Motion 64 C.C.P. D.N.A. I ERROR OF Fact, NEVER tested, NUMEREOUS letters WRITTEN to MR. ANTON, asking questions about WHEATHER OR NOT I'll EVER BE tested INCARCERATED waiting to BE BENCH WARRENT. I EVEN wrote THE Court Clerk OFFICE asking questions about THE (MOTION 64 C.C.P. I) BEING Filed and How SOON would I BE BENCH WARRENT. THE delay violated THE administration OF Justice and Execution OF SENTENCE WHILE INCAR-CERATED. (MOTION I did HAVE a ENCLOSED letter IN THE ENVELOPE) Stating that to sign it OR sign it and mail it to BE Filed at THE Convicting Court.

(2)

## Summary Arguments

I William J. Hibler, states the violation pursuant to the Judgement filed March 26, 2015. In Regards to the Judgement, I'm asking that the 211th District Court, 1450 E. McKinney, Tx. 76201 acquit me for the charge of offense. The Court of Criminal Appeals Court, has received there copy and I'm asking for a Acquittal.

Pursuant to the Under Brief and Motion filed August 20, 2015; Contrary to Miscarriage of Justice; In Regards to the Judgement March 26, 2015 Pursuant to Rule 68 Tx, Rule Appellate Procedure.

(3)

## Case Law

1) Strickland v. Washington, 466
   U.S. 688, 104 S.Ct. 2052, 80 L.Ed.
   2d. 674 (1984)

2) Brady v. Maryland 373 U.S. 83
   S.Ct. 1194, 10 L Ed. 2d. 215 (1963)

3) Bell v. State, 90 S.W. 3d. 301-308
   (Tex. Crim. App. 2002)

## Prayer

I william J. Hibler, Prays
that this Petition Discretionary
Review Is Granted.

# Order

On the ____ day of _____,
2015, come on to be considered the
defendant's Petition Discretionary
Review. Having considered the
Petition, The Court Is of the opinion
that the P.D.R. Should Be:

Granted _____ or Deny _____.

Signed and entered the ____ day
of _____, 2015.

_____
Judge Presiding

(5)



William B. Fibber,

Respectfully
Submitted

Signed: Mr. William B. Fibber,

Date: April 9, 2015

SUBSCRIBED AND SWORN TO BEFORE ME ON
THIS 9 DAY OF April, 2015

NOTARY PUBLIC

MY COMMISSION EXPIRES

My Commission Expires
February 4, 2018



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00016-CR

WILLIAM J. HIBLER                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-98-0563-C

----------

## MEMORANDUM OPINION[1]

----------

Appellant William J. Hibler was convicted of the sexual assault of a fifteen-year-old complainant in 1998 after a jury trial; this court affirmed his conviction in 2000 in cause number 02-98-00579-CR. Hibler's first motions for post conviction DNA testing, which he filed in 2005 and 2006, were denied. *See Hibler v. State*, No. 02-06-00248-CR, 2007 WL 2744921, at *1–2 (Tex. App.—Fort Worth Sept.

---

[1]*See* Tex. R. App. P. 47.4.

20, 2007, no pet.) (mem. op., not designated for publication) (holding that the trial court did not err by denying the motion when appellant admitted that he and the complainant had engaged in sexual intercourse).

Hibler filed a subsequent post-conviction motion for DNA testing after the legislature amended section 64.03(b), and the trial court granted the motion. *See* Tex. Code Crim. Proc. Ann. art. 64.03(b) (West Supp. 2014) (stating that a convicted person who confessed or made a similar admission may submit a motion and "the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that . . . admission"). The DNA testing conclusively showed that Hibler contributed the semen found within the complainant's vagina, and the trial court found that "had the results been available during the trial of the offense, it is not reasonably probable that William J. Hibler would not have been convicted."[2] Hibler appeals this finding.

Hibler's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Hibler had the opportunity to file a pro se brief

---

[2]The DNA test results identified Hibler as the source of the DNA profile from the sperm cell fraction found in the complainant's vaginal swabs to "a reasonable degree of scientific certainty."

2

after his counsel filed an *Anders* brief,[3] but he has not done so; the State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and the other documents filed in this case. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's finding.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

---

[3]Hibler filed a pro se brief before this court abated the appeal for a determination of indigence and appointment of appellate counsel.

3

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 26, 2015

4